# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDOZA, | CV F  06-00852 OWW SMS HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| M.C. KRAMER, | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL BACKGROUND

Following jury trial in the Kern County Superior Court, Petitioner was convicted of burglary and petty theft with a prior theft conviction. After Petitioner waived jury trial on the prior conviction and prison term allegations, the court found all but one of these to be true. Petitioner was sentenced to ten years in state prison.

Petitioner filed a timely notice of appeal in the California Court of Appeal, Fifth Appellate District. On May 18, 2005, the Fifth District affirmed Petitioner's conviction and sentence. (Lodged Doc. No. 1.)

Petitioner filed a petition for review with the California Supreme Court. (Lodged Doc. No. 5.) On June 8, 2005, the California Supreme Court denied review. (Lodged Doc. No. 6.)

Petitioner filed the instant petition for writ of habeas corpus on June 6, 2007, in the

1  United States District Court for the Northern District of California.  On June 27, 2006, the
2  petition was transferred to this Court, and filed on July 6, 2006.  (Court Doc. 1.)
3        Respondent filed an answer to the petition on December 21, 2006.  (Court Doc. 21.)
4  Petitioner did not file a traverse.

## STATEMENT OF FACTS

On August 19, 2003, Mike Reed was working as a loss-prevention officer at the Home Depot Store in Bakersfield, California.  Another officer, Mike Kidder, contacted Mr. Reed and asked him to observe Petitioner.  Mr. Reed observed Petitioner standing in the tile aisle of the store with a receipt in his hand.  (RT 34-37, 54-55.)  Petitioner was looking back and forth at the receipt and the boxes of tile.  (RT 37-38, 53.)  Petitioner took two boxes of tile and put them in his shopping cart.  Petitioner then proceeded to the aisle where the sinks were located.  There, he compared a sink with the receipt, and placed it in his cart.  (RT 38, 53.)  Petitioner then went to the return counter and placed the items on the counter.  (RT 38-39, 47, 49.)  Mr. Reed followed Petitioner, and while standing behind him he saw him present his identification and sign a refund slip.  (RT 40, 45-46.)  The total value of the items for which Petitioner received a store credit was $76.72.  (RT 46-49.)

Mr. Reed stopped Petitioner and seized the receipt, refund slip, and the in-store credit card.  (RT 41-44, 46.)

The police were called, and Bakersfield Police Officer Robert Dixon responded and interviewed Petitioner.  After Petitioner was read and stated he understood his <u>Miranda</u> rights, he agreed to talk to Officer Dixon.  Petitioner stated that he needed some tile for his house, but did not have the money to pay for it.  He stated that he found a receipt in the parking lot and decided to use it to make a false return and obtain store credit.  Petitioner identified the receipt that Officer Dixon showed him as the same one he found and had utilized to receive the store credit.  (RT 56-60.)  He also identified the in-store credit card and refund slip as what he had received for "returning" the merchandise.  (RT 60-61, 64.)

## DISCUSSION

A.    <u>Jurisdiction</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.      Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.

1  Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply
2  because that court concludes in its independent judgment that the relevant state-court decision
3  applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations
4  omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

5        While habeas corpus relief is an important instrument to assure that individuals are
6  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392
7  (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a
8  criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.
9  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's
10 factual determinations must be presumed correct, and the federal court must accept all factual
11 findings made by the state court unless the petitioner can rebut "the presumption of correctness
12 by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115
13 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,
14 110 F.3d 1380, 1388 (9th Cir. 1997).

15 C.    Insufficient Evidence of Corpus Delicti to Support Second Degree Burglary Conviction

16       Petitioner contends that there was insufficient evidence to support his conviction for
17 second degree burglary.  (Petition, at 6.)  Specifically, Petitioner contends that there is
18 insufficient evidence to establish corpus delicti independent of his confession.  (Id.)

19       Petitioner presented this claim on direct appeal, which was denied in a reasoned decision
20 on the merits.  (Lodged Doc. No. 1.) Because the California Supreme Court's opinion is
21 summary in nature, however, this Court "looks through" that decision and presumes it adopted
22 the reasoning of the California Court of Appeal, the last state court to have issued a reasoned
23 opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706
24 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with
25 lower court's reasoning where former affirms latter without discussion); see also LaJoie v.
26 Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned
27 state court opinion in determining whether state court's rejection of petitioner's claims was
28 contrary to or an unreasonable application of federal law under § 2254(d)(1)).

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324, n. 16.

Petitioner's claim calls into question the rule that requires proof of corpus delicti of the crime, "which is to say, proof - - apart from the defendant's confession or admissions - - that a crime actually existed." See United States v. Kerley, 838 F.2d 932, 939 (9th Cir. 1988).

Initially, Respondent contends that Petitioner fails to state a cognizable federal claim, as the corpus delicti rule is not constitutionally mandated. (Answer, at 7.) It has been held that the corpus delicti rule is not constitutionally mandated by Jackson v. Virginia, 443U.S. 307 (1979). See West v. Johnson, 92 F.3d 1385, 1393-94 (5th Cir. 1996); Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998).[1] As such, Respondent argues that the instant claim fails to raise a federal question, citing Holdsworth v. Lindsey, 1997 WL 573417, *3-4 (N.D. Cal. 1997). (Answer, at 7.) There, the Fifth Circuit Court of Appeals, relying on prior intra-circuit authority, held that "'in challenges to state convictions under 28 U.S.C. § 2254, only Jackson [v. Virgina] need be satisfied, even if state law would impose a more demanding standard of proof.'" West v. Johnson, 92 F.3d at 1394. Based on this reasoning, it appears that Respondent is correct and Petitioner's claim fails to raise a cognizable federal question under § 2254. However, even if the claim is cognizable, as discussed *infra*, it fails on the merits.

In rejecting Petitioner's claim on direct appeal, the Fifth District Court of Appeal, relying on state law, held as follows:

> The corpus delicti rule was set forth by the California Supreme Court in (among many other cases) *People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169:
>
> > "In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself - - i.e., the fact of

---

[1] See LaJoie v. Thompson, 217 F.3d 663, 669 n.6 (9th Cir. 2000), out-of-circuit federal and state appellate court decisions are helpful in determining the reasonableness of a particular state court adjudication.

>   injury, loss, or harm, and the existence of a criminal agency as its cause. In California, it has traditionally been held, the prosecution cannot satisfy this burden by relying exclusively upon the extrajudicial statements, confessions, or admissions of the defendant. [Citations.] . . . [¶] . . . This rule is intended to ensure that one will not be falsely convicted, by his or her untested words alone, of a crime that never happened. [Fn. omitted.] [Citations.]"
>
>   The standard or proof for establishment of the corpus delicti independent of the defendant's out-of-court statements is low. "The amount of independent proof of a crime required for this purpose is quite small; we have described this quantum of evidence as 'slight' [citation] or 'minimal] [citation]." (*People v. Jones* (1998) 17 Cal.4th 279, 301.)
>   To commit burglary, one must enter the building with the intent to commit any felony or theft. ([Cal.] Pen. Code, § 459, subd. (a).) [Petitioner] contends there was no evidence, independent of his own statements, that established he entered th store with the requisite intent. The existence of the requisite intent, however, may be inferred from the circumstantial evidence. (*People v. Walters* (1967) 249 Cal.App.2d 547, 550.)
>   The independent proof necessary to satisfy the corpus delicti rule may be circumstantial and need not be beyond a reasonable doubt; it is sufficient if it permits an inference of criminal conduct, although a noncriminal explanation is also plausible. (*People v. Alvarez*, *supra*, 27 Cal.4th at p. 1171.) The evidence established that [Petitioner] had a receipt in his hand, which he used to compare against items on the store shelf before placing the items into his shopping cart. He then went directly to the return counter, presented the items and the receipt, and received a store credit for the amount of the items. [Petitioner] did not purchase any other items in the store or examine any merchandise other than that which he presented for a refund. This evidence suffices to permit a reasonable jury to find that [Petitioner] entered the store with the intent to commit theft. (*People v. Horning* (2004) 34 Cal.4th 871, 903.)
>   The quantum of evidence independent of [Petitioner's] extrajudicial statements justifies an inference that [Petitioner] entered the store with the requisite intent and satisfies the corpus delicti rule. (*People v. Alvarez*, *supra*, 27 Cal.4th at p. 1171.)

(Lodged Doc. No. 1, Opinion, at 3-4.)

It is unquestionable that sufficient evidence supports the jury's finding that Petitioner entered the store with the intent to commit theft, i.e. the corpus delicti of the burglary offense. Cal. Pen. Code § 459, subd. (a). Independent of Petitioner's admission that he found the receipt in the store parking lot and sought to fraudulently return the items to the store to obtain in-store credit, the evidence presented at trial established that store officers observed Petitioner with a receipt in his hand comparing it to certain boxes of tile and sinks. After making a comparison, he placed two boxes of tile and a sink in his cart, and returned the items to return counter in

6

exchange for an in-store credit card with a value of $76.72.[2]  Petitioner did not do any other shopping and only placed those items found on the receipt in his cart.  This evidence supports the finding that he entered the Home Depot store with the intent to commit a theft, independent of his admission that he found the receipt in the parking lot which he utilized to obtain an in-store credit for subsequent use.  Accordingly, viewing the evidence in the light most favorable to the prosecution, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 5, 2007**            **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

---

[2]  Mr. Reed did not observe Petitioner place the tile stripper in the cart; however, it was listed on the receipt and was one of the items returned to obtain the store credit.  (RT 37-38, 47, 54.)